IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2008

Charles R. Fulbruge III
Clerk

No. 08-30320
Summary Calendar

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

NATIONAL BUSINESS CONSULTANTS, INC.; ET. AL.,

Defendants,

JOSEPH C. CHAUTIN, III; HARDY, CAREY, CHAUTIN & BALKIN, LLP,

Appellants.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:89-CV-1740

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellant Joseph C. Chautin, III appeals the district court's award of attorney's fees that were 31.5% lower than the lodestar calculation. Chautin and his firm, Hardy, Carey, Chautin & Balkin, LLP, were appointed as special

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel to assist in the sale of a radio station to satisfy a $3 million judgment obtained by the Federal Trade Commission against defendants National Business Consultants, Inc., Robert Namer, Namer, Inc., America First Communications, Inc., and Friends of Namer. The sale of the station took more than twenty-seven months. During that time, Chautin's efforts were complicated by defendant Namer's attempts to interfere with the sale, as well as the effects of Hurricane Katrina.

After the sale of the station in October 2007, the receiver in charge of liquidating the defendants' assets sought court approval for the payment to Chautin and his firm of attorney's fees and expenses incurred. A magistrate judge issued a report and recommendation concluding that the hours expended by Chautin were reasonable, subject to a twelve percent deduction for failure to exercise billing judgment. The magistrate also determined that no further adjustment was required based on the twelve factors set out in Johnson v. Georgia Highway Express, Inc.[1] The magistrate ultimately recommended a fee award of $64,264.20 instead of the requested $73,027.50. The district court approved the receiver's motion for fees and adopted the majority of the magistrate's recommendation, changing only the actual amount awarded. The district court lowered the amount to $50,000 without stating the specific reasons for the reduction.

The receiver filed a motion seeking reconsideration of the district court's award, which the district court granted. The court held oral arguments on the issue, at which the judge expressed the concern that Chautin spent more time than reasonably necessary in dealing with motions and other delay tactics by Namer. Specifically, the judge stated:

---

[1] 488 F.2d 714, 717-19 (5th Cir. 1974), overruled on other grounds by Blanchard v. Bergeson, 489 U.S. 87, 90 (1989).

[I]t seemed to me that if you erred at all, and I am not suggesting that I am sure about this, it was in taking more to heart or more seriously some of the activities that you were confronted by, that you had to deal with but that could have almost been ignored with the knowledge that they were so clearly delaying tactics and only that.

The court explained that this was the reason for the deduction from the magistrate's recommendation. The district court later affirmed its original order "for the reasons stated at oral argument" and included a copy of the oral argument transcript with the new order.

We review a district court's ruling on an attorney's fee award for abuse of discretion.[2] This circuit begins with the "lodestar method" for calculating attorney's fees, which requires the district court to "determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyer" and multiply them together to calculate the lodestar.[3] In determining the reasonableness of the hours expended, counsel is required to exercise billing judgment to exclude from the fee request any hours that are excessive, redundant or otherwise unnecessary.[4] Once the court calculates the lodestar, it can then adjust the fee award upward or downward based on the twelve factors set forth in Johnson.[5]

Chautin asserts that the district court abused its discretion by downwardly departing from the lodestar without providing clear reasoning for the decrease. Though the Supreme Court has stated that it is important for courts to "provide a concise but clear explanation of its reasons for the fee

---

[2] Forbush v. J.C. Penney Co., 98 F.3d 817, 821 (5th Cir. 1996).

[3] Id.

[4] See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

[5] Forbush, 98 F.3d at 821.

award,"[6] this does not require that "the trial court's findings . . . be so excruciatingly explicit in this area of minutiae that decisions of fee awards consume more paper than did the cases from which they arose."[7] Indeed, "we are not required to reverse summarily a district court finding which omits discussion of one of the Johnson factors so long as the record clearly indicates that the district court has utilized the Johnson framework as the basis of its analysis."[8]

Here, the district court followed the Johnson framework in calculating the attorney's fee award. The magistrate addressed the Johnson factors. The district court adopted the magistrate's report but determined that a downward adjustment was appropriate because the time Chautin spent dealing with Namer's delay tactics was not reasonable. The first Johnson factor, the time and labor required, specifically calls for the trial judge to "weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities."[9] The district court did that in determining that a downward adjustment was necessary. Though Chautin argues that he was professionally and ethically bound to deal with those delay tactics in the manner in which he did, he has not pointed to anything in the record that would indicate an abuse of discretion on the part of the district court. We must defer to the district court's more in-depth understanding of this case and the broad discretion district courts have in determining the amount of a fee award.

\* \* \*

We AFFIRM the district court's award of $50,000 in attorney's fees.

---

[6] Hensley, 461 U.S. at 437.

[7] Forbush, 98 F.3d at 823 (quoting La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 331 (5th Cir. 1995)).

[8] Id. (quoting Cobb v. Miller, 818 F.2d 1227, 1232 (5th Cir. 1987)).

[9] Johnson, 488 F.2d at 717.